UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL A. LEITNER-WISE,<br><br>               Plaintiff,<br><br>   v.<br><br>ALEJANDRO N. MAYORKAS, *et al.*,<br><br>               Defendants. | Case No. 22-cv-1136 (JMC) |

**MEMORANDUM OPINION**

Plaintiff Paul Leitner-Wise sues Secretary of Homeland Security Alejandro N. Mayorkas and four United States Citizenship & Immigration Services (USCIS) officials, challenging USCIS's denial of an I-485 application to adjust his immigration status. ECF 8. Defendants move to dismiss for lack of subject matter jurisdiction. ECF 9-1. Because 8 U.S.C. § 1252(a)(2)(B)(i) strips this court of jurisdiction to hear Mr. Leitner Wise's claim and the statute's jurisdictional savings clause is inapplicable, the Court will **GRANT** Defendants' motion.[1]

**I.   BACKGROUND**

   **A. Factual Background**

Paul Leitner-Wise is a citizen of the United Kingdom who lives in the District of Columbia. ECF 8 ¶ 1. He was granted an L-1A nonimmigrant visa in 2000.[2] *Id.* ¶ 13. Such visas can be valid

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

[2] An L-1A visa "enables a U.S. employer to transfer an executive or manager from one of its affiliated foreign offices to one of its offices in the United States," and "enables a foreign company that does not yet have an affiliated U.S. office to send an executive or manager to the United States with the purpose of establishing one." *L-1A Intracompany Transferee Executive or Manager*, U.S. Citizenship & Immigr. Servs., https://perma.cc/8UX3-T738.

for up to seven years. *See L-1A Intracompany Transferee Executive or Manager*, U.S. Citizenship & Immigr. Servs., https://perma.cc/8UX3-T738.

In April 2007, Mr. Leitner-Wise and his family filed I-485 Applications for Adjustment of Status with the USCIS, pursuant to 8 U.S.C. § 1255 of the Immigration and Nationality Act (INA). ECF 8 ¶ 14. Section 1255 provides a pathway "for noncitizens already admitted or paroled into the United States on a temporary basis to adjust their status to that of a legal permanent resident." *Abuzeid v. Mayorkas*, 62 F.4th 578, 580 (D.C. Cir. 2023). In April 2008, while those I-485 applications were pending, Mr. Leitner-Wise's employer filed an I-140 petition on his behalf. ECF 8 ¶ 15; ECF 9-1 at 2. An I-140 petition "ask[s] USCIS to classify a noncitizen as someone who is eligible for an immigrant visa based on employment." *Petition Filing and Processing Procedures for Form I-140, Immigrant Petition for Alien Workers*, U.S. Citizenship & Immigr. Servs., https://perma.cc/8MGT-PMLA. USCIS denied that petition in April 2010. ECF 8 ¶ 15. Mr. Leitner-Wise's employer filed a second I-140 petition, which USCIS approved in August 2015. *Id.*

Mr. Leitner-Wise sought to "port" his previously filed I-485 applications over to the approved I-140. *Id.* ¶ 16. The INA "permits an applicant who is the beneficiary of an approved Form I-140 and who later files a Form I-485 to 'port' their approved Form I-140 petition to a new employer" if certain conditions are met. ECF 9 at 3 n.4; *see* 8 U.S.C. § 1184(n) (INA's "portability" provisions). In November 2015, the USCIS sent Mr. Leitner-Wise a Notice of Intent to Deny (NOID) his application and Request for Evidence (RFE), which he responded to. *Id.* ¶ 17. Mr. Leitner-Wise attended an I-485 interview with USCIS in 2019, where he was told that he "had been in lawful status within the United States at the time of the I-485 filing, and that the only

2

deficiency in filing was not having a current priority date available."[3] *Id.* ¶ 18. A USCIS official advised Mr. Leitner-Wise that he should refile the I-485. *Id.* The agency ultimately denied his initial I-485 application on February 13, 2020. ECF 8-9 at 2.

Mr. Leitner-Wise followed the USCIS official's advice and filed a second I-485 application to adjust his immigration status on February 20, 2020. ECF 8 ¶ 19. In September 2021, the USCIS notified Mr. Leitner-Wise that it intended to deny his application because "[his] L1A non-immigrant visa had been revoked on September 5, 2006." *Id.* ¶ 20. Because Mr. Leitner-Wise was not in lawful nonimmigrant status at the time he applied to adjust his status, the agency deemed him ineligible for adjustment of status. *Id.*; *see* ECF 8-7 at 1; 8 U.S.C. § 1255(c) (providing that an applicant "who is in unlawful immigration status on the date of filing the application for adjustment of status" is ineligible for adjustment of status). Mr. Leitner-Wise responded, stating that he "had never received any notice of his L-1 being revoked"—and in fact, "USCIS had affirmatively stated that he remained in status during the 2019 interview." ECF 8 ¶ 21 (emphasis omitted). He also noted that "USCIS could not issue a denial based on evidence that it had never presented to [him]." *Id.* ¶ 22.

In January 2022, USCIS denied Mr. Leitner-Wise's second I-485 application. *Id.* ¶ 23. In its denial, the agency "acknowledge[d] that [he] did not receive the Notice of Intent to Terminate or the Termination Notice" for his L-1A nonimmigrant visa, and stated that his L-1A visa "was valid from 6/20/2006 to 7/29/2007." ECF 8-9 at 2. The USCIS further explained: "On the date you

---

[3] When "demand exceeds supply" for a particular type of visa, "applicants are put on a waiting list" and "assigned a 'priority date'—typically the day on which he filed his petition." *Mukkavilli v. Jaddou*, No. 22-CV-2289, 2023 WL 4029344, at *2 (D.D.C. June 15, 2023), *aff'd*, No. 23-5138, 2024 WL 1231346 (D.C. Cir. Mar. 22, 2024). The USCIS publishes cut-off dates for each visa type. *See, e.g.*, *When to File Your Adjustment of Status Application for Family-Sponsored or Employment-Based Preference Visas: February 2024*, U.S. Citizenship & Immigr. Servs., https://perma.cc/7NF6-4M8X. "If [an applicant's] priority date falls before the cut-off date . . . visas remain available." *Mukkavilli*, 2023 WL 4029344, at *3. But "if [the applicant's] priority date falls after the cut-off date, the visa supply has run out"—in other words, the applicant's priority date is no longer "current." *Id.*

filed your most recent I-485, you were out of status, as your L1A visa had expired in 2007, and your first I-485 application was denied on 2/13/2020. You also failed to continuously maintain your status since the expiration of your L1A visa on 7/20/2007." *Id.* The USCIS therefore found Mr. Leitner-Wise ineligible for adjustment of status under the INA. *See id.*; 8 U.S.C. § 1255(c). The denial indicated that the USCIS could initiate removal proceedings against Mr. Leitner-Wise in immigration court; to the Court's knowledge, it has not done so. *See* ECF 8-9 at 2; ECF 8 ¶ 29.

**B. Procedural History**

Mr. Leitner-Wise filed this suit in April 2022 and amended his complaint shortly thereafter. ECF 1; ECF 8.[4] He alleges that the USCIS's January 2022 denial of his I-485 application violated the Fifth Amendment Due Process Clause and Fourteenth Amendment Equal Protection Clause. ECF 8 at 8. He asks this Court to order Defendants to revoke the denial and reissue the NOID, "including any and all derogatory information they may possess regarding [his] statutory ineligibility." *Id.* Defendants filed a motion to dismiss, arguing that district courts lack jurisdiction to hear such challenges under *Patel v. Garland*, 596 U.S. 328 (2022). ECF 9-1 at 1. Mr. Leitner-Wise filed an opposition, contending that "*Patel* only applies to cases arising in the removal context," ECF 12 at 2, and Defendants filed a reply, ECF 13.

After the motion was fully briefed, the D.C. Circuit handed down its decision in *Abuzeid*, 62 F.4th 578, clarifying that *Patel* does apply to adjustment-of-status cases that arise outside of removal proceedings. *See* ECF 14 at 1; *Abuzeid*, 62 F.4th at 583–84. This Court ordered Mr. Leitner-Wise to show cause why the case should not be dismissed for lack of subject-matter jurisdiction in light of *Abuzeid*. Apr. 24, 2023, Minute Order. Mr. Leitner-Wise filed a response, ECF 15, and Defendants filed a reply, ECF 16. The matter is now ripe for decision.

---

[4] The case was initially brought by both Mr. Leitner-Wise and his wife, Suzanne Leitner-Wise. ECF 1. Ms. Leitner-Wise was terminated as a plaintiff on August 10, 2022. *See* ECF 8.

## II. LEGAL STANDARD

When assessing a motion to dismiss under Rule 12(b)(1), "it is to be presumed that a cause lies outside the federal courts' limited jurisdiction." *Muhammad v. FDIC*, 751 F. Supp. 2d 114, 118 (D.D.C. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A court must "treat the complaint's factual allegations as true" and afford the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). That said, a court is obligated to "scrutinize the plaintiff's allegations more closely" than it would when considering a motion to dismiss pursuant to Rule 12(b)(6). *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011) (citing *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003)).

## III. ANALYSIS

Over the course of this litigation, Mr. Leitner-Wise has advanced two main theories of jurisdiction. Initially, in his opposition to Defendants' motion to dismiss, Mr. Leitner-Wise argued that the Court retains jurisdiction to review USCIS denials raised outside the context of a removal proceeding. ECF 12. As the Court will explain below, the D.C. Circuit closed that door to review in *Abuzeid*, 62 F.4th 578. Mr. Leitner-Wise now argues that this Court nonetheless has jurisdiction to hear constitutional claims raised outside of the removal context pursuant to 8 U.S.C. § 1252(a)(2)(D)—a jurisdictional savings clause. ECF 15. But that door, too, is closed: courts have long held that Section 1252(a)(2)(D) applies only in the context of removal proceedings. Because this Court is without jurisdiction to review the USCIS's denial of an application to adjust status where no removal proceeding has been initiated, the Court will grant Defendants' motion to dismiss.

### A. This Court Lacks Jurisdiction to Review the USCIS's Denial Absent a Removal Proceeding

To understand how *Abuzeid* impacts this case, it is helpful to begin with the pre-*Abuzeid* legal landscape. Historically, applicants denied adjustment of status had two pathways to judicial review. *See Abuzeid*, 62 F.4th at 581. First, they could directly challenge the USCIS's decision in district court (as Mr. Leitner-Wise has done here). *Id.* Second, if the government sought to remove the noncitizen from the United States, the noncitizen could "move for adjustment of status before the immigration judge in the removal proceeding" and ultimately "petition[] for review of the removal order in the appropriate United States court of appeals." *Id.* However, "[a]gainst this backdrop, the INA limits the role that federal courts may play in reviewing decisions by the executive branch regarding requests for adjustment of status." *Id.* 8 U.S.C. § 1252(a)(2)(B) provides that "regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title." There is an exception to that general rule: "Nothing in subparagraph (B) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D).

The Supreme Court clarified the scope of Section 1252(a)(2)(B)(i) in *Patel*, explaining that "the provision applies to judgments 'of whatever kind' under § 1255, not just discretionary judgments or the last-in-time judgment." 596 U.S. at 338. The Court therefore held that federal courts lack jurisdiction to review factual findings made by an immigration judge during a removal proceeding. *Id.* at 331. Although the *Patel* Court did not decide whether its interpretation of Section 1252(a)(2)(B)(i) precluded review of USCIS denials "made outside of the removal

6

context," the Court recognized that "it is possible that Congress did, in fact, intend to close that door." *Id.* at 345.

It is in this legal context that the parties briefed Defendants' motion to dismiss. In his opposition, Mr. Leitner-Wise argued that this Court had subject-matter jurisdiction because (1) he sought redress for a procedural (non-discretionary) error rather than a discretionary judgment, and (2) *Patel* applied only to the removal context. *See* ECF 12 at 1–3. Both arguments are now clearly barred by the D.C. Circuit's decision in *Abuzeid*, which considered an APA challenge to the USCIS's denial of an application to adjust status, where the agency did not initiate removal proceedings. 62 F.4th at 581–82. The D.C. Circuit held that although *Patel* "reserved ruling on whether § 1252(a)(2)(B)(i) bars review of analogous judgments by USCIS that are challenged under the APA in a federal court," *id.* at 584, the plain language of Section 1252(a)(2)(B) "makes clear that [its] jurisdictional limitations . . . also apply to review of agency decisions made outside of the removal context," *id.* (quoting *Lee v. U.S. Citizenship & Immigr. Servs.*, 592 F.3d 612, 619 (4th Cir. 2010)). The D.C. Circuit also emphasized that "*Patel* precludes review of all kinds of agency decisions that result in the denial of relief — whether they be discretionary or nondiscretionary." *Id.*

Like the appellant in *Abuzeid*, Mr. Leitner-Wise has not been subject to removal proceedings. *See* ECF 8-9 at 2; ECF 8 ¶ 29. This Court therefore lacks jurisdiction to review the USCIS's denial of his application to adjust status.

**B. Section 1252(a)(2)(D) Does Not Apply**

Post-*Abuzeid*, Mr. Leitner-Wise advances a different argument. ECF 15. Unlike the appellant in *Abuzeid* who alleged that the USCIS had violated the requirements of the APA, 5 U.S.C. § 706(b)(2)(A), Mr. Leitner-Wise asserts that the agency violated his constitutional rights

to due process and equal protection. ECF 15 at 2. He therefore argues that the Court retains subject-matter jurisdiction over his suit because 8 U.S.C. § 1252(a)(2)(D) preserves "review of *constitutional claims* or questions of law raised upon a petition for review filed with an appropriate court of appeals." *Id.* at 1 (emphasis added). Mr. Leitner-Wise reads this provision to "protect[] judicial review in two specific cases: either cases dealing with constitutional claims, or cases dealing with questions of law raised upon a petition for review at the appellate court level." *Id.* Thus, per Mr. Leitner-Wise, his constitutional claims (although they did not arise in the context of a removal proceeding) fall "within the scope of the Savings Clause's carveout." *Id.* at 2.

Such a reading is incompatible with established case law. As the D.C. Circuit noted in *Abuzeid*, Section 1252(a)(2)(D) only "allows review of 'constitutional claims or questions of law' *raised in removal proceedings*." 62 F.4th at 585 (emphasis added) (quoting 8 U.S.C. § 1252(a)(2)(D)); *see also Make The Rd. N.Y. v. Wolf*, 962 F.3d 612, 630 (D.C. Cir. 2020) ("Subsection B's jurisdictional bar does not apply to challenges based on 'constitutional claims or questions of law.' . . . Instead, the statute allows such claims to be 'raised upon a petition for review filed with an appropriate court of appeals[.]'" (quoting 8 U.S.C. § 1252(a)(2)(D)); *Jimenez Verastegui v. Wolf*, 468 F. Supp. 3d 94, 98 (D.D.C. 2020) (explaining that Subsection D requires a plaintiff to raise questions of law and constitutional claims "(1) directly in the 'appropriate court of appeals' and (2) 'upon a petition for review' of a final order of removal." (quoting 8 U.S.C. §§ 1252(a)(2)(D), 1252(a)(5))). Other courts of appeals agree that Section 1252(a)(2)(D) applies only to claims raised during removal proceedings. As the Fourth Circuit explained in *Lee v. U.S. Citizenship & Immigration Services*, 592 F.3d 612 (4th Cir. 2010):

> § 1252(a)(2)(D) does not give Lee a jurisdictional bootstrap into district court. The express language of the statute requires Lee to raise any constitutional or legal questions "upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D). To the extent Congress decided to permit judicial review

8

of a constitutional or legal issue bearing upon the denial of adjustment of status, it intended for the issue to be raised to the court of appeals *during removal proceedings*.

*Id.* at 620 (emphasis in original); *see also Britkovyy v. Mayorkas*, 60 F.4th 1024, 1028 (7th Cir. 2023) ("The plain text of § 1252(a)(2)(B)(i) precludes judicial review of the denial of Britkovyy's adjustment-of-status application, and § 1252(a)(2)(D) is inapplicable because Britkovyy has not received a final order of removal."); *Hamilton v. Gonzales*, 485 F.3d 564, 566 (10th Cir. 2007) ("[A] final order of removal is a prerequisite to the application of § 1252(a)(2)(D)."); *Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 206 n.16 (3d Cir. 2006) (holding that district court lacked jurisdiction over constitutional claims because Section 1252(a)(2)(D) applies only to petitions for review of final removal orders). Because Mr. Leitner-Wise's constitutional challenge does not arise in the context of a removal proceeding, Section 1252(a)(2)(D) is not triggered.

\* \* \*

8 U.S.C. § 1252(a)(2)(B)(i) strips this court of jurisdiction to hear Mr. Leitner-Wise's claim. As the D.C. Circuit has held, Mr. Leitner-Wise's "only remaining avenue for relief from a denial of adjustment of status" lies in a petition for review from a final order of removal. *Abuzeid*, 62 F.4th at 585.

For the foregoing reasons, Defendants' motion to dismiss, ECF 9, is **GRANTED**, and as a result Plaintiff's amended complaint is **DISMISSED**. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

                                                                                                         _____
                                                                                                         JIA M. COBB
                                                                                                          United States District Judge

Date: September 30, 2024